# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**SUNIL KUMAR KURAPATI and
BHARATHI MALLIDI,**

      **Plaintiffs,**

**v.**                                                    **Case No.  8:13-cv-68-T-30AEP**

**UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, et al.,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss (Dkt. 5), Plaintiffs' Response in opposition (Dkt. 8), and Defendants' Reply (Dkt. 12).  The Court, having reviewed the motion, response, reply, and being otherwise advised in the premises, concludes that the motion should be granted and this case should be dismissed.

## BACKGROUND

This is an immigration case.  Plaintiff Sunil Kumar Kurapati and his spouse Plaintiff Bharathi Mallidi are citizens of India.  On May 10, 2004, Worldwide Software Services, Inc. ("Worldwide") filed an Application for Alien Employment Certification (Form ETA-750) with the United States Department of Labor ("DOL") on behalf of Kurapati, its employee (hereinafter "Labor Certification No. 1").  On October 4, 2006, the DOL certified the application.

On March 28, 2006, Worldwide filed a second Application for Permanent Employment Certification (Form ETA-9089) with the DOL on behalf of Kurapati (hereinafter "Labor Certification No. 2").   On April 14, 2006, the DOL certified the application.

On May 15, 2006, Worldwide filed an Immigrant Petition for Alien Worker (USCIS Form I-140) with Defendants on behalf of Kurapati as a member of the professions with an advanced degree or of exceptional ability pursuant to Section 203(b)(2) of the Immigration and Nationality Act ("INA").   On June 12, 2006, Defendants approved the petition (hereinafter "I-140 No. 1").  This accorded Kurapati a priority date of March 28, 2006.

On May 30, 2007, Worldwide filed a second Immigrant Petition for Alien Worker (USCIS Form I-140) with Defendants on behalf of Kurapati as a "professional" under the INA.  On September 26, 2008, Defendants approved the petition (hereinafter "I-140 No. 2").  This accorded Kurapati a priority date of May 10, 2004.

On July 2007, Plaintiffs each filed an Application to Register Permanent Residence or Adjust Status (USCIS Form I-485) with Defendants.

On April 27, 2009, Kurapati, through his prior counsel, notified Defendants that he had elected to "port" to new employment pursuant to section 106(c) of the American Competitiveness in the Twenty-First Century Act ("AC21") (P.L. 106-313), which provides that an employment-based immigrant visa petition shall remain valid where an alien changes jobs or employers if: (1) the alien's Form I-485 has been pending for 180 days or more; and

(2) the alien's new job is in the same or similar occupational classification as the job for which the certification or approval was initially made.

On July 5, 2012, Defendants issued a Notice of Intent to Revoke the Immigrant Petition for Alien Worker Worldwide filed on Kurapati's behalf on May 12, 2006 (I-140 No. 1). The notice informed Worldwide that, because it had willfully misrepresented a material fact in its DOL Form ETA 9089, Worldwide's I-140 was subject to revocation and its labor certification on behalf of Kurapati was subject to invalidation. On July 5, 2012, Defendants also issued a Notice of Intent to Revoke the Immigrant Petition for Alien Worker filed on Kurapati's behalf on May 30, 2007 (I-140 No. 2). This notice also informed Worldwide that it had willfully misrepresented a material fact in its Form ETA 9089, listed such misrepresentations, and indicated that Kurapati's labor certification was subject to revocation. Defendants served these notices on Worldwide, which had since ceased operations.

On August 4, 2012, Kurapati, through prior counsel, filed a combined response to each Notice of Intent to Revoke. Worldwide did not participate in the response. On September 12, 2012, Defendants revoked both the I-140 No. 1 and the I-140 No. 2. The revocations stated that Kurapati was not eligible for the benefits sought. The revocations also pointed out numerous flaws in Worldwide's I-140 petitions. The revocations stated, in pertinent part that "[t]he petitioner failed to respond to USCIS' Intent to Revoke the approval of the I-140 petition by August 7, 2012, as requested. USCIS notes the attorney, on behalf of the beneficiary, responded to the notice of Intent to Revoke. USCIS further notes, the

petitioner or the attorney of record on behalf of the petitioner, must respond to USCIS' Notice of Intent to Revoke." (Dkt. 1-12).

On September 27, 2012, Kurapati, through prior counsel, filed administrative appeals with Defendants regarding the decisions to revoke each of the previously approved I-140 petitions.

On October 20, 2012, Defendants denied Kurapati's application for adjustment of status stating that he was ineligible for adjustment of status as a matter of law because no immigrant visa was immediately available to him as a result of the revocation of the immigrant visa petition filed on his behalf. On October 20, 2012, Defendants also denied Plaintiff Mallidi's application for adjustment of status stating that she was ineligible for adjustment of status as a matter of law due to the denial of Kurapati's application and her dependent status.

On January 8, 2013, Plaintiffs filed the instant action. On March 7, 2013, Defendants rejected Kurapati's appeals. Defendants now move to dismiss Plaintiffs' complaint because Plaintiffs do not have standing to challenge the revocations of Worldwide's I-140 Petitions and this Court lacks subject matter jurisdiction to review the revocations of Worldwide's I-140 Petitions.

## LEGAL STANDARD FOR STANDING

The Eleventh Circuit has noted that "because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case...." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir. 2001).

Standing is jurisdictional; therefore, if a court dismisses a case for lack of standing, it has the same effect as a dismissal for lack of subject matter jurisdiction. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.,* 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam). The party "invoking federal jurisdiction bears the burden of establishing" standing. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992).

## DISCUSSION

### I.   Kurapati's Standing

Defendants argue that Kurapati lacks standing to challenge the revocations of Worldwide's I-140s because, as only the beneficiary of the petitions, he is not an "affected party". The Court agrees. In the instant case, Worldwide is the petitioner. In other words, Kurapati, although a beneficiary of the petition, does not have a right to enforce the petition process. Accordingly, Kurapati does not have standing to challenge the revocation of Worldwide's I-140 petitions. Notably 8 C.F.R. § 103.3(a)(1)(iii)(B), which regulates whether unfavorable decisions on applications are reviewable, states: "For purposes of this section . . . affected party . . . means the person or entity with legal standing in a proceeding. *It does not include the beneficiary of a visa petition*."  (emphasis added).

Other courts have applied the language in section 103.3 to revocations of I-140 visa petitions. *See Ibraimi v. Chertoff*, 2008 WL 3821678, at *3 (D.N.J. Aug. 12, 2008); *see also Betancur v. Roark*, 2012 WL 4862774, at *7 n.9 (D. Mass. Oct. 15, 2012) (stating that, "[a]s beneficiary of the visa petition, [plaintiff] apparently would not have standing to appeal the revocation of his I-140); *Morris v. Gonzalez*, 2007 WL 2740438, at *6 (E.D.P.A. Sept. 19,

2007) (dismissing the alien beneficiary from a complaint seeking review of a revoked I-140 petition because the visa petitioner was the only party with standing).

In *Ibraimi*, the court dismissed an action filed by an alien beneficiary for review of a revoked I-140 visa petition because the employer was the affected party. *See* 2008 WL 3821678, at *3. The court, citing 8 C.F.R. § 103.3(a)(1)(iii)(B), stated that "the affected party is the entity with legal standing to file an appeal and it does not include the beneficiary of the visa" *Id.* The court held that the employer "is the party that petitioned for the visa, so it, not [the alien beneficiary], is considered the proper party having a personal stake in the outcome sufficient to warrant such invocation of federal court jurisdiction." *Id.*

The Court is not persuaded by Plaintiffs' argument that the portability provision codified at 8 U.S.C. § 1154(j), implicitly provided aliens such as Kurapati with the right to contest any future claims of ineligibility resulting from any irregularities in the immigrant visa petition process. Notably, Plaintiffs do not allege that Defendants denied Plaintiffs' I-485s because Kurapati changed jobs. And the record reflects that the revocations were based on flaws in the petitions on Worldwide's part. Accordingly, AC21's Portability Provision does not confer standing upon Plaintiffs. *See George v. Napolitano*, 693 F. Supp. 2d 125, 130 (D.D.C. 2010) (finding that beneficiary lacked standing to challenge denial of an I-140 petition even where he had "ported" the petition to a new employer).

Here, Worldwide filed the I-140 petitions. Thus, as the "affected party", Worldwide is the only person that possesses standing to challenge the revocation of the I-140 petitions.

Accordingly, Kurapati does not have standing to pursue this action and this action must be dismissed.

## II.   The Court's Power to Review Discretionary Decisions

Defendants also argue that 8 U.S.C. § 1252(a)(2)(B)(ii) divests federal courts of subject-matter jurisdiction to review discretionary decisions made by the Secretary of the Department of Homeland Security.  The Court agrees that section 1252(a)(2)(B)(ii) divests the Court of jurisdiction to consider Plaintiffs' claims.

Section 1252(a)(2)(B)(ii) states that: "[N]o court shall have jurisdiction to review . . . any other decision or action of . . . the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of . . . the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title."[1] Furthermore, 8 U.S.C. § 1155 provides: "The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title."  Section 1154(a)(1)(F) specifically refers to employers desiring to classify aliens under 8 U.S.C. § 1153(b)(2) and (3).

Worldwide filed two I-140 petitions on Kurapati's behalf; these two employment-based visa petitions are included within 8 U.S.C. § 1154(a)(1)(F).  Also, the revocation of Worldwide's I-140s was under 8 U.S.C. § 1155.  *See Punathil v. Heinauer*, 876 F. Supp. 2d 1294 (M.D. Fla. 2012) ("It is undisputed that the approval of Plaintiff's Form I-140 petition

---

[1] 8 U.S.C. § 1158(a) relates to an alien's authority to apply for asylum, and is inapplicable here.

was revoked pursuant to 8 U.S.C. § 1155.").  In *Punathil*, the court dismissed an action challenging revocation of an I-140 visa petition.  *Id.* at 1298.  The court stated: "The majority of circuits, including the Eleventh Circuit . . ., have determined that the Secretary's decision to revoke approval of a Form I-140 petition under § 1155 is 'discretionary,' and thus immune from judicial review pursuant to § 1252(a)(2)(B)(ii)."  *Id.* (citing *Sands v. U.S. Dep't of Homeland Sec.*, 308 Fed.Appx. 418, 419-20 (11th Cir. 2009)); *see also Karpeeva v. U.S. Dep't of Homeland Sec. Citizenship & Immigration Servs.*, 432 Fed.Appx. 919, 925 (11th Cir. 2011).

Plaintiffs argue that they are not seeking review of the revocation of Worldwide's I-140 petitions.  Rather, Kurapati seeks review of the issue of whether he was entitled to pre-revocation notice and an opportunity to be heard under the Portability Provisions of AC21.  The Court disagrees that this distinction confers jurisdiction on the Court because the relevant statutes and regulations, as discussed herein, do not require notice of the revocation of an I-140 petition to *beneficiaries*.

Accordingly, the Court concludes that the alleged facts establish that the revocation of Worldwide's I-140s were decisions within the discretion of the Secretary of the Department of Homeland Security that are immune from this Court's review.  Accordingly, the Court lacks jurisdiction to consider Plaintiffs' claims.

It is therefore ORDERED AND ADJUDGED that:

1.     Defendants' Motion to Dismiss (Dkt. 5) is granted to the extent stated herein.

2.      This action is dismissed for lack of standing and lack of subject matter jurisdiction.

3.      The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on June 10, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

S:\Even\2013\13-cv-68.mtdismiss.frm