UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SUNIL KUMAR KURAPATI and**
**BHARATHI MALLIDI,**

    Plaintiffs,

v.                                                                            Case No.  8:13-cv-68-T-30AEP

**UNITED STATES CITIZENSHIP AND**
**IMMIGRATION SERVICES, et al.,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss (Dkt. 32) and Plaintiffs' Response in opposition (Dkt. 35).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

This is an immigration case.  Plaintiff Sunil Kumar Kurapati and his spouse Plaintiff Bharathi Mallidi are citizens of India.  On May 10, 2004, Worldwide Software Services, Inc. ("Worldwide") filed an Application for Alien Employment Certification (Form ETA-750) with the United States Department of Labor ("DOL") on behalf of Kurapati, its employee (hereinafter "Labor Certification No. 1").  On October 4, 2006, the DOL certified the application.

On March 28, 2006, Worldwide filed a second Application for Permanent Employment Certification (Form ETA-9089) with the DOL on behalf of Kurapati (hereinafter "Labor Certification No. 2"). On April 14, 2006, the DOL certified the application.

On May 15, 2006, Worldwide filed an Immigrant Petition for Alien Worker (USCIS Form I-140) with Defendants on behalf of Kurapati as a member of the professions with an advanced degree or of exceptional ability pursuant to Section 203(b)(2) of the Immigration and Nationality Act ("INA"). On June 12, 2006, Defendants approved the petition (hereinafter "I-140 No. 1"). This accorded Kurapati a priority date of March 28, 2006.

On May 30, 2007, Worldwide filed a second Immigrant Petition for Alien Worker (USCIS Form I-140) with Defendants on behalf of Kurapati as a "professional" under the INA. On September 26, 2008, Defendants approved the petition (hereinafter "I-140 No. 2"). This accorded Kurapati a priority date of May 10, 2004.

In July 2007, Plaintiffs each filed an Application to Register Permanent Residence or Adjust Status (USCIS Form I-485) with Defendants.

On April 27, 2009, Kurapati, through his prior counsel, notified Defendants that he had elected to "port" to new employment pursuant to section 106(c) of the American Competitiveness in the Twenty-First Century Act ("AC21") (P.L. 106-313) that provides that an employment-based immigrant visa petition shall remain valid where an alien changes jobs or employers if: (1) the alien's Form I-485 has been pending for 180 days or more; and (2)

the alien's new job is in the same or similar occupational classification as the job for which the certification or approval was initially made.

On July 5, 2012, Defendants issued a Notice of Intent to Revoke the Immigrant Petition for Alien Worker Worldwide filed on Kurapati's behalf on May 12, 2006 (I-140 No. 1). The notice informed Worldwide that, because it had willfully misrepresented a material fact in its DOL Form ETA 9089, Worldwide's I-140 was subject to revocation and its labor certification on behalf of Kurapati was subject to invalidation. On July 5, 2012, Defendants also issued a Notice of Intent to Revoke the Immigrant Petition for Alien Worker filed on Kurapati's behalf on May 30, 2007 (I-140 No. 2). This notice also informed Worldwide that it had willfully misrepresented a material fact in its Form ETA 9089, listed such misrepresentations, and indicated that Kurapati's labor certification was subject to revocation. Defendants served these notices on Worldwide, which had since ceased operations. Defendants did not serve these notices on Kurapati. Defendants knew that Worldwide had ceased operations and that it was therefore impossible for the company to respond to Defendants' Notices of Intent to Revoke.

On August 4, 2012, Kurapati, through prior counsel, filed a combined response to each Notice of Intent to Revoke. Worldwide did not participate in the response. On September 12, 2012, Defendants revoked both the I-140 No. 1 and the I-140 No. 2. The revocations stated that Kurapati was not eligible for the benefits sought. The revocations also pointed out numerous flaws in Worldwide's I-140 petitions. The revocations stated, in pertinent part that "[t]he petitioner failed to respond to USCIS' Intent to Revoke the approval

of the I-140 petition by August 7, 2012, as requested.  USCIS notes the attorney, on behalf of the beneficiary, responded to the notice of Intent to Revoke.  USCIS further notes, the petitioner or the attorney of record on behalf of the petitioner, must respond to USCIS' Notice of Intent to Revoke."  (Dkt. 31).

On October 20, 2012, Defendants denied Kurapati's application for adjustment of status stating that he was ineligible for adjustment of status as a matter of law because no immigrant visa was immediately available to him as a result of the revocation of the immigrant visa petition filed on his behalf.  On October 20, 2012, Defendants also denied Plaintiff Mallidi's application for adjustment of status stating that she was ineligible for adjustment of status as a matter of law due to the denial of Kurapati's application and her dependent status.

On January 8, 2013, Plaintiffs filed the instant action.  On June 10, 2013, this Court dismissed the action for lack of subject matter jurisdiction (Dkt. 13).  Plaintiffs appealed the dismissal order and the Eleventh Circuit reversed and remanded to this Court.  *See Kurapati v. U.S. Bureau of Citizenship and Immigration Servs.*, 775 F.3d 1255 (11th Cir. 2014).  The Eleventh Circuit concluded that this Court had subject matter jurisdiction over Plaintiffs' claims.  The Eleventh Circuit noted, in relevant part: "Even when a decision is committed to agency discretion, a court may consider allegations that an agency failed to follow its own binding regulations. . . .Therefore, we conclude that the district court has subject matter jurisdiction over the claims raised in Kurapati's complaint." *Id.* at 1262 (internal citations and quotations omitted).

On remand, Plaintiffs amended their complaint to add two additional claims alleging that Defendants improperly denied their applications for employment authorization (Form I-765) and seeking review of those denials under 5 U.S.C. 706(2). Specifically, they request that the Court enter an order declaring that the denial of the applications is "unlawful."

Defendants now move to dismiss the entirety of Plaintiffs' amended complaint for failure to state a claim.

## DISCUSSION

Defendants' motion to dismiss reads like a summary judgment motion; it argues that all of Plaintiffs' claims fail as a matter of law. These arguments may have merit but they are premature at this stage. Simply put, Plaintiffs' amended complaint adequately alleges claims under Fed. R. Civ. P. 12(b)(6). Plaintiffs allege, in relevant part, that Defendants failed to follow its own binding regulations when it deprived Kurapati of notice and an opportunity to be heard prior to the revocation decision. The Eleventh Circuit already intimated that these claims may have merit, especially in light of the fact that Kurapati had attempted to port to a new employer under section 1154(j) prior to the revocation decision. As such, the Court will dispose of these claims after the parties have provided the administrative record and after the parties have had an opportunity to move for summary judgment based on that record.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss (Dkt. 32) is denied.

2. Defendants shall file an answer to the amended complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on June 3, 2015.

*[Signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-68.mtdismiss-deny-32.wpd