UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SUNIL KUMAR KURAPATI and**
**BHARATHI MALLIDI,**

    Plaintiffs,

v.                                Case No.  8:13-cv-68-T-30AEP

**UNITED STATES CITIZENSHIP AND**
**IMMIGRATION SERVICES, et al.,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Amended Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act (Dkt. 73), the Government's Response in Opposition (Dkt. 75), and Plaintiffs' Reply (Dkt. 78). The Court, having reviewed the motion, response, reply, and being otherwise advised in the premises, concludes that the motion should be denied because the Government's position in this lawsuit was substantially justified.

## BACKGROUND

As explained further below, the Court concludes that the Government's position in this litigation was substantially justified. The following facts are relevant to that inquiry. This is an immigration case that stems from the Government's decision on September 12, 2012, to revoke immigration petitions submitted by Plaintiff Sunil Kumar Kurapati's employer, Worldwide Software Services, Inc. ("Worldwide"). At the beginning of this case,

the Government moved to dismiss the action for lack of jurisdiction. On June 10, 2013, this Court granted the motion and dismissed the action. *See Kurapati v. U.S. Citizenship and Immigration Servs.*, 950 F. Supp. 2d 1230 (M.D. Fla. 2013). Specifically, this Court held, in relevant part, that Kurapati did not have standing to challenge the revocation of Worldwide's I-140 petitions because the applicable regulation, 8 C.F.R. § 103.3(a)(1)(iii)(B), clearly states that an affected party with legal standing to challenge the revocation does not include the "beneficiary of a visa petition." At that time, the Eleventh Circuit had not addressed the issue of a beneficiary's standing under these circumstances but, as this Court noted in its opinion, other district courts had applied Section 103.3 and ruled that beneficiaries of visa petitions did not have standing to appeal the revocation of their I-140 visa petitions. *See Kurapati*, 950 F. Supp. 2d at 1233 (citing *Betancur v. Roark*, 2012 WL 4862774, at *7 n.9 (D. Mass. Oct. 15, 2012); *Ibraimi v. Chertoff*, 2008 WL 3821678, at *3 (D.N.J. Aug. 12, 2008); *Morris v. Gonzalez*, 2007 WL 2740438, at *6 (E.D.P.A. Sept. 19, 2007)).[1]

Plaintiffs appealed this Court's order dismissing their case and the Eleventh Circuit reversed and remanded. *See Kurapati v. U.S. Citizenship and Immigration Servs.*, 775 F.3d 1255, 1259-61 (11th Cir. 2014). The Eleventh Circuit noted: "We have yet to consider in a published opinion whether the beneficiary of an I-140 visa petition has standing to challenge

---

[1] This Court also concluded that 8 U.S.C. § 1252(a)(2)(B)(ii) divests federal courts of subject-matter jurisdiction to review discretionary decisions made by the Secretary of the Department of Homeland Security and that the relevant statutes and regulations do not require notice of the revocation of an I-140 petition to *beneficiaries*.

the revocation of a previously approved I-140 visa petition." *Id.* at 1259. In holding that Plaintiffs had standing, the Eleventh Circuit relied, in substantial part, on two cases that were decided after Plaintiffs had filed this lawsuit and after this Court had ruled on the issue of Plaintiffs' standing. *See id.* (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S.Ct. 1377 (2014); *Patel v. U.S. Citizenship and Immigration Servs.*, 732 F.3d 633, 638 (6th Cir. 2013)). The Eleventh Circuit declined to reach the merits of the case, stating that Plaintiffs were entitled to argue that the Government failed to follow the correct procedure in revoking the I-140 petitions, despite the Government's argument on appeal that it was undisputed that it had followed the specific language of the applicable regulations with respect to notice. *See id.* at 1262.

This case was remanded and referred to the Magistrate Judge for handling. After the parties filed cross motions for summary judgment, the Magistrate Judge concluded, in a report and recommendation issued on May 27, 2016 (Dkt. 65), that Plaintiffs were entitled to summary judgment in their favor because, although the Government was correct that "strict adherence to the legacy regulations' text precludes any requirement that the [Government] was required to give notice to Kurapati or any post-porting new employer," Kurapati, or his new employer, were the real parties in interest because Kurapati's former employer, Worldwide, was defunct during the relevant time. *Id.* The Magistrate Judge reasoned that the regulations' existing notice scheme is "nonsensical" in light of the statutory changes implemented by AC21, which was enacted to encourage job flexibility for immigrant workers. *Id.* The Magistrate Judge stated: "[b]y issuing the [notice of intent to

revoke] to Worldwide, [the Government] may have met the notice requirement as defined under the legacy regulations, but, in light of the portability provisions of AC21, the intent of the notice requirement was not met . . ." *Id.* The Magistrate Judge relied heavily on a recent opinion from the Second Circuit, *Mantena v. Johnson*, 809 F.3d 721 (2d Cir. 2015). *See id.*

On June 15, 2016, this Court adopted, confirmed, and approved the Magistrate Judge's report and recommendation and ordered the reinstatement of the I-140 and I-485 petitions. Plaintiffs now move for attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412.

## DISCUSSION

The Equal Access to Justice Act states that "a court shall award to a prevailing party ... fees and other expenses ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The burden is on the United States to show that its position was substantially justified." *United States v. Rhodes*, No. 606CV-1877ORL-22DAB, 2008 WL 958078, at *2 (M.D. Fla. Apr. 8, 2008) (citing *City of Brunswick v. United States,* 849 F.2d 501, 504 (11th Cir.1988)). The Supreme Court has interpreted "substantially justified" to mean "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565-66 (1988) (citations omitted). Under that interpretation, the Eleventh Circuit defines "substantially justified" as having a "reasonable basis both in law and fact." *Brunswick,* 849 F.2d at 504. "The fact that the United States ultimately lost a case does not mean that its position was not substantially

justified." *Rhodes*, 2008 WL 958078, at *2 (citing *United States v. Jones,* 125 F.3d 1418, 1427 (11th Cir.1997)).

The Government's response argues, in relevant part, that Plaintiffs are not entitled to an award of fees and costs because the Government's position in this litigation was substantially justified. After careful consideration of the facts and the relevant law, the Court agrees. At the onset of this case, the Government argued that Plaintiffs did not have standing to pursue this lawsuit. At that time, the Government's position was supported by persuasive law: other district courts, including this Court in the instant case, dismissed similar lawsuits on standing grounds. And, notably, the Eleventh Circuit had not considered the issue before the filing of this action.

Plaintiffs appealed and the Eleventh Circuit determined that Plaintiffs had standing to argue that the Government did not follow the correct procedure with respect to the revocation of Plaintiffs' visa petitions. Importantly, the Eleventh Circuit did not decide the merits of the issue. The Magistrate Judge and this Court, through its adoption of the report and recommendation, ultimately concluded that, although the Government followed the language of the relevant regulations, it should have still provided notice of its intent to revoke the petitions to the real party in interest, i.e., Kurapati, or his new employer. But the state of the law on this issue was and remains unclear. Indeed, the Eleventh Circuit has not ruled on the issue of what specific notice is required under the legacy regulations under these particular facts, where the original employer is now defunct and has no real interest in ensuring the success of the visa petitions. Accordingly, contrary to Plaintiffs' assertions, the

Government's position, at the onset, and throughout this litigation, had a reasonable basis under the law.  The Government followed the language of the relevant regulations and there was, at that time, and, to date, no binding precedent on the issue of what specific notice is required under these unique facts.

It is therefore **ORDERED AND ADJUDGED** that Plaintiffs' Amended Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act (Dkt. 73) is denied.

**DONE** and **ORDERED** in Tampa, Florida on August 12, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-68.mt-fees-EAJA-deny.wpd